IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VICKIE WAMBLES a/k/a VICKIE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:12cv20-WHA |
| ARMY FLEET SUPPORT, LLC, and | ) | |
| RONALD REEVES | ) | (wo) |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I.  FACTS AND PROCEDURAL HISTORY

This cause is before the court on a Motion for More Definite Statement filed by

Defendant Ronald Reeves (Doc. #7), a Motion for Partial Dismissal filed by Defendant Ronald

Reeves (Doc. #8), and a Motion for More Definite Statement as to Claim for Invasion of Privacy

(Doc. #11) filed by Army Fleet Support, LLC.

The Plaintiff, Vickie Wambles, filed a Complaint in this case bringing claims against

Army Fleet Support, LLC ("Army") for hostile environment (Count I), against Army for

negligent supervision and retention (Count II), against Army for wanton supervision and

retention (Count III), against Ronald Reeves ("Reeves") and Army for invasion of privacy

(Count IV), against Reeves and Army for outrageous conduct (Count V), and against Reeves and

Army for assault and battery (Count VI).

In the Complaint, the Plaintiff has detailed acts of alleged sexual harassment to which she

states she was subjected by her supervisor, Reeves, while employed by Army.  In paragraphs 8

through 163 Wambles details her allegations of harassment and the circumstances surrounding

those events.

The counts for relief incorporate the factual paragraphs by reference.  The counts specifically identified in the Motion for More Definite Statement filed by Reeves are the counts of invasion of privacy, outrageous conduct, and assault and battery, and the count identified in the Motion for More Definite Statement by Army is the claim for invasion of privacy.

Reeves seeks dismissal of Counts II and III.

For reasons to be discussed, the Motions for More Definite Statement are due to be GRANTED and the Motion for Partial Dismissal is due to be DENIED as moot.

## II.   STANDARDS FOR MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).   In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See  Ashcroft v. Iqbal,* _ U.S. _,  129 S.Ct. 1937, 1949-50 (2009).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *Id.*  (citation omitted).   To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."

*Id.* at 570.   The factual allegations  "must be enough to raise a right to relief above the

speculative level."  *Id*. at 555.

Pursuant to Federal Rule of Civil Procedure 12(e), a party may move for a more definite

statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a

response."

### III.  DISCUSSION

As to the Motion for Partial Dismissal filed by Reeves as to Counts II and III, Reeves

contends that the counts should be dismissed as against him because no relief is sought against

him in those counts.  The Plaintiff responds that because Counts II and III are only asserted

against Army and not against Reeves, the motion should be denied as moot.  The court agrees

that there is no need to dismiss Counts II and III as against Reeves as those counts are brought

explicitly only against Army.   Therefore, the Motion for Partial Dismissal is due to be DENIED

as moot.

As to the Motion for More Definite Statement by Reeves, in her response, the Plaintiff

does not address the argument that she ought to have pled which of the alleged actions in her

Complaint she means to assert as claims of invasion of privacy, outrageous conduct, and assault

and battery, other than to state that her claims have been sufficiently pled.   Army has also

argued that there are multiple legal bases for a claim of invasion of privacy, but it is unclear

which legal basis is relied upon by the Plaintiff.  The Plaintiff has not responded to that

argument.

An invasion of privacy claim has been recognized under Alabama law where there is an

invasion of privacy stemming from sexual harassment.  *See Phillips v. Smalley Maintenance*

*Services, Inc.*, 435 So.2d 705 (Ala.1983).  This appears to be the theory that the Plaintiff is

asserting, but if the Plaintiff intends to proceed on any other invasion of privacy theory, she

should so specify in an Amended Complaint.

Especially with regard to the assault and battery claim, it is unclear whether the Plaintiff

actually intends claim multiple acts as separate claims of assault and battery, or whether only one

act forms the basis of that claim.  Because the Complaint incorporates all of the factual

paragraphs by reference, it is also unclear whether the Plaintiff seeks to base her claims of

invasion of privacy and outrageous conduct on a single action in each count, or, if she is relying

on multiple facts for a single claim, which facts make up each of those claims.  Therefore, the

court will grant the Motions for More Definite Statement and give the Plaintiff time in which to

file an Amended Complaint so as to specify which of the alleged facts form the basis of her

invasion of privacy, outrageous conduct, and assault and battery claims.

## IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.  The Motion for Partial Dismissal (Doc. #8) filed by Ronald Reeves is DENIED as

moot because Counts II and III are only asserted against Defendant Army Fleet Support, LLC.

2.  The Motions for More Definite Statement (Doc. #7, #11) are GRANTED and the

Plaintiff has until March 9, 2012 to file an Amended Complaint which specifies whether she

intends to assert multiple claims, or only one claim, for invasion of privacy, outrageous conduct,

and assault and battery, and the invasion of privacy theory or theories under which she seeks to

proceed.  If she intends to make multiple claims, the separate claims should be set out in separate

counts.  The Amended Complaint should also specify which of the factual statements alleged in

the Complaint form the basis of the claims for invasion of privacy, outrageous conduct, and

assault and battery.

The Amended Complaint should be complete unto itself, pursuant to Local Rule 15.1.


Done this 24th day of February, 2012.



/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE